**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MELISSA STANSBURY,** | : | |
| **Plaintiff** | : | **No. 1:22-cv-00342** |
| | : | |
| **v.** | : | **(Judge Kane)** |
| | : | |
| **BARRICK ENTERPRISES, INC., and** | : | |
| **TODD BARRICK,** | : | |
| **Defendants** | : | |

**MEMORANDUM**

Before the Court is Plaintiff Melissa Stansbury ("Plaintiff")'s Motion for Leave to File Documents Under Seal (Doc. No. 36), related to Plaintiff's prior Motion for Notice to Potential Plaintiffs and for Conditional Certification (Doc. No. 35), along with Plaintiff and Defendants Barrick Enterprises, Inc. and Todd Barrick ("Defendants")' Joint Response (Doc. No. 46) to this Court's September 28, 2023 Order to Show Cause ("September 28, 2023 Order") (Doc. No. 44) directing Plaintiff to show cause why the eight (8) documents filed provisionally under seal in connection with Plaintiff's motion for conditional certification should be sealed pursuant to the requirements of In re Avandia Marketing, Sales Practices and Products Liability Litigation, 924 F.3d 662 (3d Cir. 2019) ("Avandia"). The Court also considers Defendants' Response to this Court's October 25, 2023 Order to Show Cause ("October 25, 2023 Order") (Doc. No. 51) directing Defendants to show cause why Defendants' Exhibit E to Defendants' Response to Plaintiff's Motion for Notice to Potential Plaintiffs and for Conditional Certification (Doc. No. 50-7) should not be made a part of the publicly available docket in this matter pursuant to Avandia. (Doc. No. 53.) For the reasons that follow, the Court will Plaintiff's motion to seal Exhibits F, G, H, I, J, K, and L (Doc. Nos. 37-2 through 37-8), but will grant the motion insofar as the Court will also temporarily retain under seal Plaintiff's Exhibit E (Doc. No. 37-1) while

permitting Plaintiff to file a redacted version of that exhibit. The Court will temporarily retain Defendants' Exhibit E (Doc. No. 50-7) under seal while permitting Defendants to file a redacted version of that exhibit.

## I. BACKGROUND

Plaintiff is a former delivery driver for Defendants and worked at Defendants' Domino's Store in Shippensburg, Pennsylvania from October 2020 to February 2021. (Doc. No. 35 at 3.) On March 8, 2022, Plaintiff filed suit against Defendants, alleging that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., by using a flawed system to reimburse Defendants' delivery drivers for the reasonably approximate costs of the business use of their personal vehicles. (Doc. No. 1 ¶ 1–2.) Plaintiff alleges that Defendants' reimbursement system for delivery drivers led to payment below the federal minimum wage of $7.25 an hour.[1] (Id. at 6.)

On August 10, 2022, the Court granted a Joint Motion to Stay Litigation in this case. (Doc. No. 9.) The parties attempted to mediate the case on October 26, 2022, with Hon. F.

---

[1] According to Plaintiff, this is due to a low mileage reimbursement rate ("as little as $.31/mile") and no reimbursement for "out-of-pocket" automobile expenses. (Doc. No. 35 at 6.) Plaintiff argues that:

> [u]sing the lowest IRS rate per mile driven ($0.575 per mile) in effect during Plaintiff Stansbury's employment as a reasonable approximation of her automobile expenses, every mile driven on the job decreased her net wages by at least $0.265 ($0.575 – $0.31) per mile. Thus, Defendants consistently "kicked back" to Plaintiff Stansbury approximately $0.265 per mile, placing her hourly wage at a rate far lower than the applicable and local minimum wage… Plaintiff and Opt-In Plaintiffs confirm that the reimbursements they received were inadequate to reimburse them for the automobile expenses they incurred delivering food for Defendants.

See (id. at 7) (internal citations omitted).

Bradford Stillman (ret.). (Doc. No. 16.) After mediation efforts failed, Defendants filed an Answer to Plaintiff's Complaint on December 2, 2022. (Doc. No. 17.) On May 19, 2023, the parties filed a Proposed Confidentiality and Protective Order ("Protective Order") "to protect private, personal and/or confidential business and commercial information" exchanged in connection with discovery in this case. (Doc. No. 25 at 1.) On May 22, 2023, this Court entered a Protective Order upon a finding of good cause for the entry of such an order under Pansy v. Borough of Stroudsburg, 23 F.3d 772 (3d Cir. 1994) ("Pansy"),[2] specifically noting "the fact that the parties have stated that discovery in this matter may include the production of trade secrets and confidential, private, sensitive, proprietary, and personally identifiable information." (Doc. No. 26.)

On August 4, 2023, Plaintiff filed a Motion for Notice to Potential Plaintiffs and For Conditional Certification under the FLSA pursuant to 29 U.S.C. § 216(b). (Doc. No. 35.) At the time of Plaintiff's motion, two individuals, Tina Hall and Andrew Frazier, elected to be Opt-In Plaintiffs at the time of Plaintiff's motion. (Doc. Nos. 11-1; 22-1; 35 at 2; 40.)

Three days later, Plaintiff filed a Motion for Leave to File Documents Under Seal, connected to Plaintiff's Motion for Notice to Potential Plaintiffs and for Conditional Certification. (Doc. No. 36.) Plaintiff filed a certificate of concurrence on September 7, 2023. (Doc. No. 41.) In her motion, Plaintiff argues that eight (8) exhibits ("Exhibits E–L") should be sealed pursuant to the Protective Order, good cause, and compelling reasons in favor of sealing under Pansy. (Doc. No. 37 at 3.) According to Plaintiff, these exhibits were marked as

[2] The Pansy standard is applicable to the evaluation of a request for a protective order. See Pansy, 23 F.3d at 785–86.

"Confidential" by Defendants during discovery with the exception of Exhibit E, which was marked as "Highly Confidential." (Id. at 1–2.)

After reviewing Plaintiff's Motion for Leave to File Documents Under Seal, the Court directed Plaintiff to show cause as to why Exhibits "E–L" should be sealed under the Avandia standard, because Pansy is not the proper standard for assessing a post-discovery sealing request. (Doc. No. 44.) The parties filed a joint response to the Court's Order. (Doc. No. 46.) During this time, Defendants filed their Memorandum in Opposition to Plaintiff's original motion for conditional certification. (Doc. No. 50.) After reviewing Defendants' Memorandum, the Court directed Defendants to show cause as to why Defendants' Exhibit E should be sealed under the standard in Avandia.[3] (Doc. No. 51.) Defendants filed a response to the Court's Order. (Doc. No. 53.) Accordingly, Plaintiff's original motion for leave to file documents under seal, the joint response of the parties to the Court's September 28, 2023 Order, and Defendants' response to the Court's October 25, 2023 Order, are now ripe for resolution.

## II. LEGAL STANDARD

The United States Court of Appeals for the Third Circuit ("Third Circuit")'s opinion in Avandia confirmed its earlier holding that a common law right of access applies to judicial records, stating that there exists a "presumptive right of public access to pretrial motions of a nondiscovery nature, whether preliminary or dispositive, and the material filed in connection

---

[3] Defendants attached Exhibit E (Doc. No. 50-7) to their filing, noting that it has been redacted pursuant to Local Rule 5.2(d). (Doc. No. 50 at 4). Under Local Rule 5.2(d), a filed document shall not contain any personal data identifiers, which are defined as Social Security Numbers, names of minority children, dates of birth, and financial account numbers. See L.R. 5.2(d). However, Defendants redacted Exhibit E (Doc. No. 50-7) in its entirety, without explaining the need for such a comprehensive redaction.

therewith." See Avandia, 924 F.3d at 672 (citing In re Cendant Corp., 260 F.3d 183, 192 (3d Cir. 2001)). A judicial record is defined as a document that has "been filed with the court … or otherwise somehow incorporated or integrated into a district court's adjudicatory proceedings." See id. (internal quotations omitted). Avandia distinguishes between the standards for a protective order and for the sealing of judicial records pursuant to the common law right of access, as follows:

> [W]hile the Pansy factors may provide useful guidance for courts conducting the balancing required by the common law test, the Pansy factors do not displace the common law right of access standard. The difference is not merely semantic—the Pansy factors are not sufficiently robust for assessing the public's right to access judicial records.

See id. at 676.

The Third Circuit recognized that "the common law right of access is 'not absolute'" and stated that "[t]he party seeking to overcome the presumption of access bears the burden of showing 'that the interest in secrecy outweighs the presumption.'" See id. (quoting Bank of Am. Nat'l Tr. & Sav. Ass'n v. Hotel Rittenhouse Assocs., 800 F.2d 339, 344 (3d Cir. 1986)). The Third Circuit held that "[t]he movant must show 'that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure.'" See id. (quoting Miller v. Ind. Hosp., 16 F.3d 549, 551 (3d Cir. 1994) (internal quotations omitted)). Specificity of injury is essential and broad allegations of harm are insufficient. See id. at 673, 679 (citing In re Cendant Corp., 260 F.3d at 194, 196).

The Third Circuit then detailed the nature of a district court's obligation in determining whether a party has met its burden to show that the common law presumptive right of access has been overcome, stating:

> [T]he District Court must articulate the compelling, countervailing interests to be protected, make specific findings on the record concerning the effects of disclosure, and provide[] an opportunity for interested third parties to be heard. In delineating the injury to be prevented, specificity is essential. Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient. [C]areful factfinding and balancing of competing interests is required before the strong presumption of openness can be overcome by the secrecy interests of private litigants. To that end, the District Court must conduct[] a document-by-document review of the contents of the challenged documents.

See id. at 672–73 (cleaned up).

Avandia discusses not only the common law right of access to judicial records but also the First Amendment right of access to judicial proceedings,[4] which "requires a much higher showing than the common law right [of] access before a judicial proceeding can be sealed." See id. at 673 (quoting In re Cendant Corp., 260 F.3d at 198 n.13). As to the First Amendment right of access, the Third Circuit stated that "[w]e use a two-prong test to assess whether the right of access attaches: (1) the experience prong asks 'whether the place and process have historically been open to the press'; and (2) the logic prong evaluates 'whether public access plays a significant positive role in the functioning of the particular process in question.'" See id. at 673 (quoting New Jersey Media Grp. Inc. v. United States, 836 F.3d 421, 429 (3d Cir. 2016)). If both prongs are met, the First Amendment right of access presumptively applies, and this presumption can be rebutted "only if [the party seeking closure is] able to demonstrate 'an overriding interest [in excluding the public] based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" See id. (quoting Publicker Indus.,

[4] It is important to note that the majority in Avandia declined to address the applicability of the First Amendment right of access to summary judgment materials under the circumstances of that case, where the litigant had not met its burden to overcome the presumptive common law right of access to judicial records. See Avandia, 924 F.3d at 679–80.

Inc. v. Cohen, 733 F.2d 1059, 1073 (3d Cir. 1984)). This overriding interest "can involve the content of the information at issue, the relationship of the parties, or the nature of the controversy." See Publicker, 733 F.2d at 1073. Once a party has demonstrated that overriding interest, there must be good cause to issue an order to seal. See id. at 1071. Good cause means "that disclosure will work a clearly defined and serious injury to the party seeking closure" and the injury "must be shown with specificity. See id.

## III. DISCUSSION

The Court first addresses Plaintiff's Motion for Leave to File Exhibits under Seal and the parties' Joint Response to the Court's September 28, 2023 Order to determine whether Plaintiff has met her burden to overcome the common law presumption of access to judicial records with respect to the documents she seeks to retain under seal on the docket of this matter. Then, the Court addresses Defendants' Response to the Court's October 25, 2023 Order to determine whether Defendants have met their burden to overcome the common law presumption of access to judicial records with respect to the document they seek to retain under seal on the docket of this matter.

### A. Plaintiff's Motion For Leave to File Exhibits Under Seal (Doc. No. 36)/ Joint Response to the Court's Order to Show Cause (Doc. No. 46)

As noted supra, Plaintiff seeks to maintain under seal eight (8) exhibits in connection with her Motion for Conditional Certification—Docket Numbers 37-1 ("Exhibit E"); 37-2 ("Exhibit F"); 37-3 ("Exhibit G"); 37-4 ("Exhibit H"); 37-5 ("Exhibit I"); 37-6 ("Exhibit J"); 37-7 ("Exhibit K"); and 37-8 ("Exhibit L").[5] In response to the Court's September 28, 2023 Order

[5] In the parties' Joint Response, the parties skip over the letter "J" in the chart detailing each document. See (Doc. No. 46 at 6). The parties also reference Exhibits E, F, G, H, I, J, K, L,

directed toward Plaintiff, the parties jointly address Avandia in support of sealing all eight (8) exhibits. (Doc. No. 46.) The parties argue globally for the sealing of the exhibits.[6] (Id.)

The parties argue that the exhibits "contain confidential information, and disclosure may harm the Defendant [Barrick Enterprises]'s competitive standing." (Id. at 6.) According to Plaintiff, these exhibits were marked as "Confidential" by Defendants during discovery, with the exception of Exhibit E, which is marked as "Highly Confidential"—designations that are irrelevant to the Court's current sealing analysis. See (Doc. No. 37 at 1–2). Both parties argue that seven (7) of the eight (8) exhibits "include trade secrets regarding the Defendant's business practices." (Id.) The parties argue that disclosure of the exhibits will "almost certainly result in immediate and irreparable harm." (Doc. No. 46 at 7.)

It is undisputed that the exhibits are "judicial records" subject to the common law right of access because Plaintiff filed them on the public docket in support of her motion for conditional certification of a FLSA collective. See Avandia, 924 F.3d at 675. While the parties provide a chart of the exhibits,[7] it is incumbent upon the Court to undertake a document-by-document review to ensure that Plaintiff has met her burden to overcome the common law presumption of access to judicial records.

---

and M throughout the Joint Response, even though the original exhibits consist of only Exhibits E–L. Cf. (Doc. Nos. 37, 46). The Court assumes this was done in error and will label the exhibits as they were labeled in the original motion and as they were docketed. See (Doc. Nos. 37, 37-1 through 37-8).

[6] The parties argue for the sealing of all eight (8) documents in two paragraphs and a chart. (Doc. No. 46 at 6–7.)

[7] The parties include a chart that provides a description of each exhibit's contents and a brief statement as to why each should be sealed by this Court. See (Doc. No. 46 at 6).

**1. Plaintiff's Exhibit E (Doc. No. 37-1)**

Plaintiff's Exhibit E (Doc. No. 37-1) is described as the "Barrick Enterprises Hierarchy," and it consists of annual lists of Defendant Barrick Enterprises' employees, their dates of employment with Defendant Barrick Enterprises, and the employees' store locations for 2019 through 2023. This Exhibit is marked as "Highly Confidential." (Doc. No. 37 at 2.) This exhibit is a judicial record because it was filed in connection with a motion for conditional certification of a FLSA collective. See Avandia, 924 F.3d at 672. Therefore, the common law presumption of public access applies to Exhibit E. See id.

The parties argue that the information in Exhibit E: (1) contains trade secrets; (2) is confidential; and (3) will affect Defendant Barrick Enterprises' competitive standing if disclosed. (Doc. Nos. 37 at 2; 46 at 6.) Both parties argue that disclosure of Exhibit E will likely cause irreparable harm to Defendant Barrick Enterprises. (Doc. No. 46 at 7.) This proposed harm, they argue, warrants sealing of Exhibit E in full. (Id.)

Upon review of Exhibit E, the Court is unpersuaded that the parties have demonstrated that their interest in secrecy outweighs the presumption of public access to judicial records as to the entirety of Exhibit E. While the document includes the first and last names of individuals who are nonparties to this case, as well as their dates of employment, no other personal identifying information is listed. The names of nonparties can be considered personally identifying information. See Wartluft v. Milton Hershey School and School Trust, No. 16-cv-02145, 2020 WL 1124771, at *6 (M.D. Pa. Mar. 6, 2020) (stating that "redacting the names" of personnel "will provide sufficient protection of their interests without resorting to the wholesale sealing of these documents"); Wartluft v. Milton Hershey School and School Trust, No. 16-cv-

02145, 2019 WL 5394575, at *3 (M.D. Pa. Oct. 22, 2019). Under the Local Rules of this Court, personal data identifiers (another term for personal identifying information) must be redacted. See L.R. 5.2(d)(2). The required redactions include Social Security Numbers, names of minor children, dates of birth, and financial account numbers. See L.R. 5.2(d)(1)–(4). The parties have not indicated that the names listed are those of minor children.

To balance nonparties' interests and the common law presumption of public access, the Court finds that a redaction is appropriate for this document. Redacting the last names of nonparties and keeping the dates of employment available for public view allows a balance between these interests. Therefore, Plaintiff's Exhibit E will remain temporarily under seal, subject to redactions by Plaintiff in the limited manner described above.[8]

Accordingly, the Court will direct the Clerk of Court to retain Plaintiff's Exhibit E, filed at Docket Number 37-1, under seal, subject to redactions submitted by Plaintiff within fourteen

---

[8] The Court notes that Avandia indicates that, if a district court finds that any documents merit continued sealing under the common law right of access, it "should also consider the parties' arguments regarding the First Amendment right of public access." See Avandia, 924 F.3d at 680. Plaintiff, in her joint response to this Court's September 28, 2023 Order does not fully address the First Amendment right of public access, only generally arguing that "the requested seal only includes these eight exhibits and is therefore narrowly tailored." (Doc. No. 45 at 7.) In the absence of clear argument on this issue, the Court is not inclined to assess the applicability of the First Amendment right of access in this context. However, even if the Court assumes that the First Amendment right of access applies to Plaintiff's Exhibit E, it concludes that the burden to overcome that access is met here in light of the injury that would result from disclosure of the nonparties' personal information of Exhibit E and the Court's narrowly-tailored approach of directing Plaintiff to redact the nonparties' personal information from Exhibit E instead of permitting the entire exhibit to be sealed from public view. See Aetna, Inc. v. Mednax, Inc., No. 18-cv-02217, 2021 WL 5987205, at *6 (E.D. Pa. Dec. 17, 2021) (concluding that the defendant "made the 'much higher showing' required under the First Amendment for [sensitive commercial information] because the redactions [defendant] applied to protect its information are narrowly tailored to serve [defendant's] interest in the secrecy of its competitive information, and essential to the preservation of that interest").

(14) days to protect the private interests of nonparties.

**2. Plaintiff's Exhibit F (Doc. No. 37-2)**

The Court turns to Plaintiff's Exhibit F (Doc. No. 37-2), which is a job posting for a position as a pizza delivery driver that was marked by Defendants as confidential during discovery. (Doc. No. 37 at 2.) Exhibit F is a judicial record because it was filed in connection with a motion for conditional certification of a FLSA collective. See Avandia, 924 F.3d at 672. Therefore, the common law presumption of public access applies to Exhibit F. See id.

The parties argue that Exhibit F is confidential and contains trade secrets.[9] (Doc. No. 46 at 6.) Because of the type of information included in Exhibit F, the parties argue disclosure of the exhibit will lead to immediate and irreparable harm. See (id. at 6–7) (citing Campbell Soup v. ConAgra, Inc., 977 F.2d 86, 92–93 (3d Cir. 1992)).

Upon review of Exhibit F, the Court is unpersuaded that the parties have met their burden to demonstrate that their interest in secrecy outweighs the presumption of public access to judicial records as to Exhibit F. To overcome the presumption of public access, the parties must demonstrate that (1) "that the material is the kind of information that courts will protect" and (2) "that disclosure will work a clearly defined and serious injury to the party seeking closure" to overcome the common law presumption of access. See Avandia, 924 F.3d at 672 (cleaned up). Even assuming that the information in this document is the "kind of information that courts will protect," the parties have failed to demonstrate that disclosure of that information "will work a clearly defined and serious injury." See id. While the parties argue that these exhibits include

[9] The parties maintain that Exhibits F through L "include trade secrets regarding the Defendant's business practices." (Doc. No. 46 at 6.)

trade secrets regarding Defendants' business practices and "[t]hus, similar to Campbell, disclosure will almost certainly result in immediate and irreparable harm" (Doc. No. 46 at 6–7), the parties misstate the holding in Campbell. The Third Circuit clarified that evidence must show that a party is threatened with irreparable injury based on the disclosure of the alleged trade secret. See Campbell, 977 F.2d at 91–92. The parties have not submitted a declaration in support of the sealing request that provides a factual basis upon which the Court can conclude that public access to Exhibit F will cause specific, particularized harm to Defendant, instead proffering only conclusory assertions of competitive harm. See (Doc. No. 46 at 6) (stating that "disclosure may harm the Defendant's competitive standing").

Accordingly, the parties have failed to overcome the common law right of public access to Exhibit F, and the Court will therefore direct the Clerk of Court to unseal Exhibit F,[10] filed in unredacted form at Docket Number 37-2.

**3. Plaintiff's Exhibits G (Doc. No. 37-3), H (Doc. No. 37-4), and I (Doc. No. 37-5)**

The Court next considers Plaintiff's Exhibits G through I—Exhibit G (Doc. No. 37-3) is the January 2021 Company Handbook; Exhibit H (Doc. No. 37-4) is the February 2021 Company Handbook; and Exhibit I (Doc. No. 37-5) is the March 2022 Company Handbook ("Handbooks").[11] The information in Exhibits G, H, and I pertains to how employees should behave and act during the course of their employment with Defendants. All three exhibits were

---

10 Because the Court has found that this document should be unsealed pursuant to the common law right of access, the Court will not address the First Amendment right of public access, as the Third Circuit has "decline[d] to define the parameters of the First Amendment right [of public access] in a case where the common law right affords sufficient protection." See Avandia, 924 F.3d at 680.

11 These three exhibits appear to be different versions of Defendants' Company Handbook.

marked by Defendants as confidential during discovery and the parties argue that they "may contain trade secrets." (Doc. Nos. 37 at 2; 46 at 6.) These three exhibits are judicial records because they were filed in connection with a motion for conditional certification of a FLSA collective. See Avandia, 924 F.3d at 672. Therefore, the common law presumption of public access applies to Exhibits G, H, and I. See id.

As stated supra, the parties argue generally for sealing because these exhibits contain trade secrets and confidential information that will "almost certainly result in immediate and irreparable harm." (Doc. Nos. 37 at 2; 46 at 6–7.)

Upon review of Exhibits G through I, the Court is unpersuaded that the parties have met their burden to demonstrate that their interest in secrecy outweighs the common law presumption of public access to judicial records as to Exhibits G, H, and I. To overcome the common law presumption of public access, the parties must demonstrate that (1) "that the material is the kind of information that courts will protect" and (2) "that disclosure will work a clearly defined and serious injury to the party seeking closure." See Avandia, 924 F.3d at 672 (cleaned up). Even if the Court assumes that the information in the Handbooks is the "kind of information that courts will protect," the parties have failed to demonstrate that disclosure of that information "will work a clearly defined and significant injury." See id. The parties have not submitted evidence detailing the specific, particularized harm to which Defendants would be subjected upon public disclosure of Exhibits G through I, as required to overcome the presumption of public access to judicial records. See id. at 672. Instead, the parties argue only that "disclosure may harm Defendant's competitive standing"—an argument that is insufficient to meet the parties' burden to overcome the common law presumption of access. (Doc. No. 46 at 6.)

Therefore, the parties have failed to overcome the common law presumption of public access. The Court will accordingly direct the Clerk of Court to unseal Exhibits G, H, and I, filed in unredacted forms at Docket Numbers 37-3, 37-4, and 37-5.[12]

**4. Plaintiff's Exhibits J (Doc. No. 37-6), K (Doc. No. 37-7), and L (Doc. No. 37-8)**

The final set of Plaintiff's exhibits to consider are mileage and reimbursement data reports for Defendants' delivery drivers—Exhibit J (Doc. No. 37-6) is a report of Plaintiff Melissa Stansbury's mileage and reimbursement data; Exhibit K (Doc. No. 37-7) is a report of Opt-In Plaintiff Andrew Frazier's mileage and reimbursement data; and Exhibit L (Doc. No. 37-8) is a report of Opt-In Plaintiff Tina Hall's mileage and reimbursement data. All three reports were marked by Defendants as confidential during discovery and the parties assert that they "may contain trade secrets." (Doc. No. 37 at 2.) Exhibits J, K, and L are judicial records because they were filed in connection with Plaintiff's motion for conditional certification of a FLSA collective. See Avandia, 924 F.3d at 672. Therefore, the common law presumption of public access applies to these exhibits. See id. As noted, these documents are marked as confidential, but a showing that business information is merely confidential —with no other supporting information—is insufficient to satisfy the Avandia standard. See id. at 674 n.14.

The parties state that this set of exhibits contains trade secrets and confidential information. (Doc. No. 37 at 2.) They also argue that the exhibits contain personal and business information related to Defendant Barrick Enterprises' employee and business practices.

---

[12] Again, the Court will not address the First Amendment right of public access, as the Third Circuit has "decline[d] to define the parameters of the First Amendment right [of public access] in a case where the common law right affords sufficient protection." See Avandia, 924 F.3d at 680.

(Doc. No. 46 at 6.) In light of Campbell, the parties argue that disclosure of the exhibits will "almost certainly result in immediate and irreparable harm" to Defendants' business. (Doc. No. 46 at 7.)

Upon review of Exhibits J through L, the Court is unpersuaded that the parties have met their burden to demonstrate that their interest in secrecy outweighs the common law presumption of public access to judicial records. In order to overcome the presumption of public access, the parties must demonstrate that (1) "that the material is the kind of information that courts will protect" and (2) "that disclosure will work a clearly defined and serious injury to the party seeking closure." See Avandia, 924 F.3d at 672 (cleaned up). Even assuming this is "kind of information that courts will protect," the parties have failed to demonstrate that disclosure of that information "will work a clearly defined and significant injury" to it. See id. at 672. The parties do not provide specific evidence to prove a clearly defined and significant injury that would arise from the disclosure of Exhibits J, K, and L—instead, the parties only offer insufficient conclusory statements about possible harm. See (Doc. No. 46 at 7) (arguing that "disclosure will almost certainly result in immediate and irreparable harm"); see also Olvera v. Mazzone Mgmt. Grp. Ltd., No. 16-cv-00502, 2018 WL 2137882, at *3 (N.D.N.Y. May 9, 2018) (denying a motion to seal employee compensation information where the moving party "failed to make a showing sufficient to overcome the presumption of public access"). Thus, the Court will direct the Clerk of Court to unseal Exhibits J, K, and L, filed in unredacted form at Docket Numbers 37-6, 37-7, and 37-8.[13]

---

13 The Court will not address the First Amendment right of public access, as the Third Circuit has "decline[d] to define the parameters of the First Amendment right [of public access] in a case where the common law right affords sufficient protection." See Avandia, 924 F.3d at 680.

**B. Defendants' Memorandum in Opposition to Plaintiff's Motion for Conditional Certification (Doc. No. 50)/ Defendants' Response to the Court's Order to Show Cause (Doc. No. 53)**

As noted above, Defendants seek to maintain under seal an exhibit filed in connection with their Memorandum in Opposition to the Motion for Conditional Certification—Docket Number 50-7 ("Defendants' Exhibit E")—which they redacted pursuant to Local Rule 5.2(d).[14] (Doc. No. 50 at 4). Defendants' Exhibit E is a copy of Plaintiff's employee earnings report. Defendants redacted Exhibit E in its entirety, without explaining the need for such a comprehensive redaction.[15] It is undisputed this document is a "judicial record" subject to the common law right of access because Defendants filed this document in support of their memorandum in opposition to Plaintiff's motion for conditional certification of a FLSA collective. See Avandia, 924 F.3d at 675.

In response to the Court's October 25, 2023 Order, Defendants address Avandia in support of sealing their exhibit. (Doc. No. 53 at 2.) Defendants argue that Exhibit E contains payroll information, which is "confidential business and commercial information for Defendants which is protectable" under Avandia. (Id. at 7.) Defendants argue that the earnings report contains "private, personal wage and payment information for Plaintiff, as defined in the Protective Order, which is subject to redaction." See (id.) (citing Saldi v. Paul Reverse Life Ins. Co., 224 F.R.D. 169, 191 (E.D. Pa. 2004)). Defendants posit that the information in Exhibit E is

---

[14] Under Local Rule 5.2(d), a filed document shall not contain any personal data identifiers, which are defined as Social Security Numbers, names of minority children, dates of birth, and financial account numbers. See L.R. 5.2(d).

[15] Defendants provided the Court with an unredacted copy of Exhibit E pursuant to Local Rule 5.2(e) via email.

similar to that at issue in Campbell and "will almost certainly result in immediate and irreparable harm." (Doc. No. 53 at 7.)

Upon review of Defendants' Exhibit E, the Court is unpersuaded that Defendants have met their burden to demonstrate that its interest in secrecy outweighs the presumption of public access to judicial records as to Exhibit E. In order to overcome the presumption of public access, Defendants must demonstrate that (1) "the material is the kind of information that courts will protect" and (2) "disclosure will work a clearly defined and serious injury to the party seeking closure." See Avandia, 924 F.3d at 672 (cleaned up). Plaintiff's earnings report contains information regarding how much she was paid by Defendants during her employment. Defendants cite to Saldi, wherein the Eastern District of Pennsylvania directed the defendants to "redact any confidential information on the payroll records." See Saldi, 224 F.R.D. at 191. However, the holding in Saldi pertains to the privacy interests of nonlitigants, not the privacy interests of a party. See id. In United States v. UPMC, No. 12-cv-00145, 2022 WL 2343311, at *1 (W.D. Pa. June 29, 2022), the Western District of Pennsylvania rejected the defendants' redactions of compensation figures because the Court could not "imagine how matters so central to the nature and purposes of this litigation, should, in such breathtaking swaths, be shielded." See UPMC, 2022 WL 2343311, at *3.

While this Court has sealed documents relating to personal financial information in the past,[16] the instant case differs because the document is the earnings report of the named Plaintiff, not the report of a nonparty. Defendants are using Exhibit E to support their argument that

[16] See Wickens v. Rite Aid HDQTRS Corp., No. 19-cv-02021, 2021 WL 5876695, at *2 (M.D. Pa. Feb. 23, 2021).

Plaintiff was paid the minimum wage and compensated appropriately for her employment. (Doc. No. 50 at 26.) This report is central to the dispute as to the sufficiency of Plaintiff's compensation by Defendants. See (Doc. No. 35 at 6–7, 9). However, Exhibit E does include Plaintiff's name, date of birth, and her Social Security Number (which was already redacted). Under the Local Rules of this Court, personal data identifiers must be redacted. See L.R. 5.2(d)(2). Required redactions in the Local Rules include Social Security Numbers, names of minor children, dates of birth, and financial account numbers. See L.R. 5.2(d)(1)–(4). In Ganoe v. Austin, No. 20-cv-00663, 2023 WL 2405461, at *1 (M.D. Pa. Mar. 8, 2023), this Court noted that redactions must "reflect a reasonable balancing" of the moving party's privacy interest against the other party's need for a financial document.[17] See Ganoe, 2023 WL 2405461, at *3. To balance Plaintiff's privacy interests and the common law presumption of access, the Court finds that a redaction is appropriate for Exhibit E rather than placing the entire exhibit under seal. See Del Nero v. NCO Financial Systems, Inc., No. 06-cv-04823, 2021 WL 2375892, at *2 (E.D. Pa. June 10, 2021) (stating that "where possible, parties should propose redactions, rather than placing a whole document under seal"). Redacting the Plaintiff's date of birth in line with the Local Rules and keeping her payment records available for public view allows a balance between these interests. Therefore, Defendants' Exhibit E will remain temporarily under seal, subject to redactions by Defendants in the limited manner described above.[18]

---

[17] The documents at issue in Ganoe were the tax returns of the plaintiff. See Ganoe, 2023 WL 2405461, at *3.

[18] The Court notes that Avandia indicates that, if a district court finds that any documents merit continued sealing under the common law right of access, it "should also consider the parties' arguments regarding the First Amendment right of public access." See Avandia, 924 F.3d at 680. Defendants, in their response to this Court's October 25, 2023 Order do not fully address

Accordingly, the Court will direct the Clerk of Court to retain Exhibit E, filed at Docket Number 50-7, under seal, subject to redactions submitted by Defendants within fourteen (14) days to protect the private interest of Plaintiff.

## IV. CONCLUSION

For all of the foregoing reasons, the Court will largely deny Plaintiff's Motion for Leave to File Documents Under Seal but will grant the motion insofar as the Court will permit Plaintiff to file a redacted version of its Exhibit E (Doc. No. 37-1) and will permit Defendants to file a redacted version of their Exhibit E (Doc. No. 50-7). The Court will direct the Clerk of Court to unseal certain exhibits provisionally filed under seal by Plaintiff. An appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania

---

the First Amendment right of public access, only generally arguing that "following the exceptions carved out by the court in Avandia, this Exhibit [E] is exempt from the common law and First Amendment presumption in favor of public access…" (Doc. No. 53 at 7–8.) In the absence of clear argument on this issue, the Court is not inclined to assess the applicability of the First Amendment right of access in this context. However, even if the Court assumes that the First Amendment right of access applies to Defendants' Exhibit E, it concludes that the burden to overcome that access is met here in light of the injury that would result from disclosure of the nonparties' personal information of Exhibit E and the Court's narrowly-tailored approach of directing Defendants to redact the nonparties' personal information from Exhibit E instead of permitting the entire exhibit to be sealed from public view. See Aetna, Inc. v. Mednax, Inc., No. 18-cv-02217, 2021 WL 5987205, at *6 (E.D. Pa. Dec. 17, 2021) (concluding that the defendant "made the 'much higher showing' required under the First Amendment for [sensitive commercial information] because the redactions [defendant] applied to protect its information are narrowly tailored to serve [defendant's] interest in the secrecy of its competitive information, and essential to the preservation of that interest").