IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MELISSA STANSBURY,** | : | |
| Plaintiff | : | No. 1:22-cv-00342 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| **BARRICK ENTERPRISES, INC., and** | : | |
| **TODD BARRICK,** | : | |
| Defendants | : | |

## MEMORANDUM

Before the Court are two motions: (1) Plaintiff Melissa Stansbury ("Plaintiff")'s Motion for Notice to Potential Plaintiffs and for Conditional Certification of a Collective Class (Doc. No. 35) and (2) Defendants Barrick Enterprises, Inc. and Todd Barrick ("Defendants")' Motion For Leave to File a Surreply in Opposition to Plaintiff's Motion (Doc. No. 54). For the reasons that follow, the Court will grant Plaintiff's motion (Doc. No. 35) in part and deny it, in part, conditionally certifying the proposed collective class and permitting the issuance of notice pending a conference between the parties to discuss the content and form of the notice. The Court will deny Defendants' motion (Doc. No. 54) for leave to file a surreply.

**I.   BACKGROUND**

**A.   Procedural Background**

On March 8, 2022, Plaintiff, on behalf of similarly situated current and former delivery drivers, filed suit against Defendants. (Doc. No. 1.) Plaintiff alleges that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, by using a flawed system to reimburse their delivery drivers for the reasonably approximate costs of the business use of their personal vehicles. (Id. ¶¶ 1–2.) This case is brought as a collective action under the FLSA.[1] (Id. ¶ 2.)

---

[1] The FLSA establishes federal minimum-wage, maximum-hour, and overtime guarantees that

On May 12, 2022, Defendants waived service of Plaintiff's complaint. (Doc. Nos. 4–5.) Thereafter, on July 11, 2022, the parties filed a "Stipulation for Extension of Time to Answer, Move, or Otherwise Respond to Plaintiff's Complaint." (Doc. No. 7.) Later that day, the Court issued an Order approving the stipulation. (Doc. No. 8.) On August 8, 2022, the parties filed a joint motion to stay litigation through December 8, 2022 in order to facilitate mediation and continued settlement discussions. (Doc. No. 9.) On August 10, 2022, the Court issued an Order granting the parties' motion and staying the action through December 8, 2022. (Doc. No. 10.)

On December 2, 2022, Defendants filed an answer to the complaint. (Doc. No. 17.) After the issuance of a case management Order (Doc. No. 21), later amended (Doc. No. 24), the parties filed a Proposed Confidentiality and Protective Order ("Protective Order") (Doc. No. 25). On May 22, 2023, the Court issued an Order approving the Protective Order. (Doc. No. 26.) Subsequently, the parties filed a joint Motion for Time to Complete Discovery and Briefing Deadlines. (Doc. No. 27.) On May 31, 2023, the Court issued an Order granting the parties' motion and directing: (1) that pre-conditional certification discovery be completed by July 17, 2023; and (2) that Plaintiff's motion for conditional certification of a FLSA collective be filed by August 4, 2023. (Doc. No. 28.)

On August 4, 2023, Plaintiff filed the instant Motion for Notice to Potential Plaintiffs and For Conditional Certification under the FLSA pursuant to 29 U.S.C. § 216(b). (Doc. No. 35.) Plaintiff alleges that she and other similarly situated current and former delivery drivers were "illegally denied lawful minimum wage rates" due to improper reimbursement by Defendants.

---

cannot be modified by contract. Under the FLSA, employees have the right to bring a private cause of action on their own behalf and on behalf of "other employees similarly situated" for specified violations of the FLSA—this is known as a "collective action." See 29 U.S.C. § 216(b); Hoffmann–La Roche Inc. v. Sperling, 493 U.S. 165, 169–70 (1989).

(Id. at 1–2.)  Plaintiff maintains that Defendants' delivery drivers were improperly reimbursed due to a low mileage reimbursement rate ("as little as $.31/mile") and no reimbursement for "out-of-pocket" automobile expenses.  (Id. at 6.)  Two individuals, Andrew Frazier ("Frazier")[2] and Tina Hall ("Hall"),[3] have elected to be opt-in plaintiffs as of the date of this Memorandum.  (Doc. Nos. 11-1; 22-1; 35 at 2; 35-3.)

On August 7, 2023, Plaintiff filed a Motion for Leave to File Documents Under Seal, related to Plaintiff's Motion for Notice to Potential Plaintiffs and for Conditional Certification.  (Doc. No. 36.)  After reviewing Plaintiff's Motion for Leave to File Documents Under Seal, the Court directed Plaintiff to show cause as to why Plaintiff's Exhibits "E–L" should be sealed under the standard articulated in In re Avandia Marketing, Sales Practices & Products Liability Litigation, 924 F.3d 662 (3d Cir. 2019) ("Avandia").  (Doc. No. 44.)  On October 9, 2023, the parties filed a joint response to the Court's Order.  (Doc. No. 45.)

On October 13, 2023, Defendants filed a Memorandum in Opposition to Plaintiff's motion for conditional certification.  (Doc. No. 50.)  Defendants attached Exhibit E (Doc. No. 50-7) to their filing, noting that it had been redacted pursuant to Local Rule 5.2(d).  (Doc. No. 50 at 4).  However, Defendants redacted Exhibit E (Doc. No. 50-7) in its entirety, without explaining the need for such a comprehensive redaction.  After reviewing Defendants' Memorandum, the Court directed Defendants to show cause as to why Defendants' Exhibit E should be sealed under the standard in Avandia.  (Doc. No. 51.)  On November 6, 2023,

---

[2]  Frazier submitted a declaration in support of the pending motion for collective certification.  (Doc. No. 35-3.)

[3]  Hall did not submit a declaration in support of the pending motion and did not appear for her scheduled deposition.  (Doc. Nos. 50 at 10; 50-5.)

3

Defendants filed a response to the Court's Order to show cause. (Doc. No. 53.)

Plaintiff filed a reply brief on October 27, 2023. (Doc. No. 52.) On November 20, 2023, Defendants filed a motion for leave to file a surreply. (Doc. No. 54.) Plaintiff filed a response and brief in opposition to Defendants' motion on November 28, 2023. (Doc. No. 56.) Defendants' time to file a reply brief has expired.

On December 14, 2023, the Court issued a Memorandum and Order addressing the sealing of Plaintiff and Defendants' exhibits. (Doc. Nos. 57–58.) The Court's Order directed the Clerk of Court to unseal seven (7) of Plaintiff's exhibits (Doc. Nos. 37-2 through 37-8) and permitted Plaintiff and Defendants to redact two particular exhibits (Doc. Nos. 37-1, 50-7). In the Memorandum, the Court noted that redactions for Docket Numbers 37-1 and 50-7 were appropriate to balance the privacy rights of parties and nonparties with the presumption of public access to judicial records. (Doc. No. 57 at 9–10, 16–18.) Docket Number 37-1 is described as the "Barrick Enterprises Hierarchy," and it consists of annual lists of Defendant Barrick Enterprises' employees, their dates of employment with Defendant Barrick Enterprises, and the employees' store locations for 2019 through 2023. Because the document includes the first and last names of individuals who are nonparties to this case, the Court found that a redaction of the last names of nonparties was appropriate. See (Doc. Nos. 37-1; 57 at 10). Docket Number 50-7 is a copy of Plaintiff's employee earnings report, and the document lists Plaintiff's name, date of birth, and Social Security Number (which was already redacted). See (Doc. Nos. 50-7; 57 at 17–18). Because Plaintiff's employee earnings report is "central" to the dispute as to the sufficiency of Plaintiff's compensation by Defendants," the Court found that only a redaction of Plaintiff's date of birth was appropriate. (Doc. No. 57 at 18.) The Court further noted that the redaction of Plaintiff's date of birth from Docket Number 50-7 is in line with the Local Rules of this Court

4

and that "keeping her payment records available for public view allows a balance" between Plaintiff's privacy interests and the common law presumption of access.  (Id.)

On December 28, 2024, Plaintiff filed a redacted version of Docket Number 37-1 (Doc. No. 60), and Defendants filed a redacted version of Docket Number 50-7 (Doc. No. 59).  Upon review of those submissions, it appears that, rather than redacting the exhibits in accordance with the Court's direction in its December 14, 2023 Memorandum and Order, the parties have instead redacted Docket Numbers 37-1 and 50-7 in their entirety.  The Court will direct the parties to file redacted version of Docket Numbers 37-1 and 50-7 in accordance with the directions in the Court's December 14, 2023 Memorandum and Order (Doc. No. 57), within fourteen (14) days of the date of this Memorandum and accompanying Order.

On February 13, 2024, Plaintiff filed a Notice of Supplemental Authority in support of her motion for conditional certification.  (Doc. No. 61.)  On February 28, 2024, Defendants filed a Motion to Strike Plaintiff's Notice of Supplemental Authority.  (Doc. No. 62.)  Defendants' motion to strike (Doc. No. 62) was not accompanied by a brief.  Local Rule 7.5 provides, in relevant part, "[w]ithin fourteen (14) days after the filing of any motion, the party filing the motion shall file a brief in support of the motion. . . .  If a supporting brief is not filed within the time provided in this rule the motion shall be deemed to be withdrawn."  See L.R. 7.5.  The Court's review of the docket in this matter reveals that Defendants did not file a brief in support of the motion within the fourteen-day period, which expired on March 13, 2024.  Therefore, the Court will deem Defendants' motion to strike withdrawn.  (Doc. No. 62.)

B.    **Factual Background**[4]

---

[4]  The following factual background is taken from the allegations of Plaintiff's complaint (Doc. No. 1) and the exhibits submitted by the parties in connection with Plaintiff's motion for conditional certification (Doc. Nos. 35, 50, 52).

5

Defendants own and operate seven (7) Domino's franchise stores in Pennsylvania.[5] (Doc. Nos. 1 ¶ 8; 17 ¶ 8; 35 at 1, 4.)  Defendant Todd Barrick is the President and sole owner of Defendant Barrick Enterprises, Inc.  (Doc. Nos. 1 ¶¶ 6, 9; 17 ¶ 6; 35 at 4.)  Plaintiff was employed by Defendants from October 2020 to February 2021 as a delivery driver at Defendants' store in Shippensburg, Pennsylvania.  (Doc. Nos. 35 at 3; 35-2 at 2; 50-3 at 17–18, Tr. 62:24–63:6.)  Defendants employ delivery drivers to deliver pizza and other food.  (Doc. No. 35 at 4.)  Defendants require delivery drivers to use their own insured vehicle and delivery drivers must keep their vehicles in safe, legally operable condition.  (Doc. Nos. 35 at 5; 35-5; 35-6; 37-3 through 37-5.)  Defendants' delivery drivers incur similar vehicle costs to perform their jobs, including costs for gasoline, vehicle parts and fluids, repair and maintenance services, insurance, depreciation, and other automobile expenses.  (Doc. Nos. 1 ¶ 13; 37-3 through 37-5.)

Plaintiff had duties in the store and as a driver—duties pursuant to which she was paid separate hourly rates.  (Doc. No. 50-3 at 18–20, Tr. 63:13–65:15.)  Plaintiff worked around 20 to 24 hours per week.  (Id. at 19, Tr. 64:17–64:21.)  Frazier was employed by Defendants at their Red Lion, Pennsylvania location from January 2020 to March 2020, October 2020 to November 2020, and then from November 2021 to February 2022.  (Doc. No. 50-2 ¶ 12.)  Frazier's primary job duty was delivering orders—about 75 percent of his time was spent delivering orders—and he worked in-store the rest of the time.  (Doc. No. 50-4 at 15–16, Tr. 49:19–50:2.)  Similar to Plaintiff, Frazier was paid separate hourly rates for his in-store work and delivery work.  (Id. at

---

[5]  Defendants operate Domino's franchise stores at the following locations: (1) 500 York St., Gettysburg, PA; (2) 546 Main St., Shrewsbury, PA; (3) 314 S. Queen St., Littlestown, PA; (4) 2700 Carlisle St. York, PA; (5) 401 E. Broadway St., Red Lion, PA; (6) 3921 E. Market St., York, PA; and (7) 15 Richwalter St., Shippensburg, PA.  (Doc. Nos. 50 at 11; 50-2 at 1.)

25, Tr. 93:14–22.)

**II.     LEGAL STANDARD**

Under the FLSA, a collective action may be brought "by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." See 29 U.S.C. § 216(b).  "No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."  Id.  A collective action under the FLSA is "fundamentally different" from a class action under Federal Rule of Civil Procedure 23.  See Halle v. West Penn Allegheny Health Sys., 842 F.3d 215, 222–23 (3d Cir. 2016) (citing Genesis Healthcare Corp. v. Symczyk, 569 U.S. 66, 74 (2013) ("Genesis")).  In a complaint containing FLSA action allegations, the mere presence of the allegations does not automatically give rise to the kind of aggregate litigation provided for in [Federal] Rule [of Civil Procedure] 23.  Rather, the existence of a collective action depends upon the affirmative participation of opt-in plaintiffs."  Id. at 224.  The United States Court of Appeals for the Third Circuit ("Third Circuit") has articulated a two-step process for certification of collective actions under the FLSA.  See Zavala v. Wal-Mart Stores, Inc., 691 F.3d 527, 536 (3d Cir. 2012).

At the first step, conditional certification, a plaintiff must make a "modest factual showing" to support a "factual nexus between the manner in which the employer's alleged policy affected him or her and the manner in which it affected the proposed collective action members." See Zavala, 691 F.3d at 536 n.4 (citing Symczyk v. Genesis Healthcare Corp., 656 F.3d 189) (3d Cir. 2011), rev'd on other grounds, Genesis, 569 U.S. at 66.  "The sole consequence of conditional certification is the sending of court-approved written notice to employees." Genesis, 569 U.S. at 75 (citing Hoffmann-La Roche, 493 U.S. at 171–72).  It is within the court's

7

discretion to facilitate the sending of notice to potential class members. See Hoffman-La Roche, 493 U.S. at 170–72. Certification of a collective class is not final until the second step, at which time the Court must determine whether plaintiffs who have opted to join the action following conditional certification are similarly situated to the named plaintiffs under the FLSA. See Halle, 842 F.3d at 226.

## III. DISCUSSION

The Court first addresses Defendants' Motion for Leave to File a Surreply before resolving Plaintiff's Motion for Conditional Certification and Notice Request.

### A. Defendants' Motion for Leave to File a Surreply

The Local Rules of this Court provide that no further briefs, beyond a movant's reply brief, may be filed without leave of court. See L.R. 7.7. Permission for leave to a file a surreply is a matter "committed to the District Court's sound discretion." See Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 276 (3d Cir. 2001). This Court acknowledged that:

> Courts within this Circuit have found that "[s]ur-reply briefs are seldom necessary," and that "[t]hey are appropriate only where a party 'seek[s] to respond to an argument raised for the first time' by an opposing party." Gentry v. Sikrosky Aircraft Corp., No. 18-[cv]-[0]1326, 2018 WL 6329147, at *2 (E.D. Pa. Dec. 4, 2018) (quoting NorFab Corp. v. Travelers Indem. Co., 55 F. Supp. 2d 505, 513 (E.D. Pa. 2008)). Other courts have "granted leave to file a sur-reply brief when the brief was helpful in resolving the issues presented in the case." Souffrant v. Hyrowich, No. 07-cv-[0]4475, 2009 WL 10737145, at *2 n.2 (E.D. Pa. May 4, 2009) (citing SmithKline Beecham Corp. v. Apotex Corp., 383 F. Supp. 2d 686, 688 (E.D. Pa. 2004)).

See Mallory v. Wells Fargo Bank, N.A., No. 19-cv-00744, 2021 WL 5826211, at *2 (M.D. Pa. July 20, 2021).

Here, Defendants argue that Plaintiff's reply brief makes two new arguments that Defendants need to address via surreply brief. (Doc. No. 55 at 2.) Defendants claim that (1) Plaintiff presents a new argument concerning the applicable standard for conditional certification

8

and (2) Plaintiff's proposed lookback period is an argument of first impression. (Doc. No. 55 at 2.) Upon review of Defendants' motion for leave to file a surreply and the associated briefing, the Court concludes that the two referenced arguments are not new and have been addressed in prior filings.[6] Therefore, the Court will deny Defendants' motion to file a surreply brief. (Doc. No. 54.) The Court turns to Plaintiff's Motion to Conditionally Certify a Collective Class and Notice Request.

### B.     Plaintiff's Motion for the Conditional Certification of a Collective Class[7]

For the purposes of this motion, the Court considers only the first step of the collective action analysis wherein Plaintiff must make a "modest factual showing" that Plaintiff and the proposed collective class members are similarly situated.

#### 1.     Legal Standard

As noted supra, certification of a collective action under the FLSA is a two-step process. At the current stage of conditional certification, the Third Circuit has determined that a "fairly lenient standard" applies. See Zavala, 691 F.3d at 535 (collecting cases). Indeed, the Third Circuit requires only a "modest factual showing" to support a "factual nexus between the manner in which the employer's alleged policy affected [the plaintiffs] and the manner in which it affected other employees." See id. at 536 n.4 (internal quotations omitted). The Court does not consider whether the named plaintiffs are, in fact, similarly situated enough to the opt-in plaintiffs to maintain a collective action until final certification. See Halle, 842 F.3d at 226.

---

[6] As to Defendants' first claim, the parties have fully briefed the issue of the applicable standard for conditional certification. See (Doc. Nos. 35, 50, 52). As to Defendants' second claim, Plaintiff's proposed lookback period is included in Plaintiff's motion at Docket Number 35-1.

[7] Plaintiff's motion is titled "Motion for Notice to Potential Plaintiffs and for Conditional Certification." See (Doc. No. 35 at 1). The Court will first assess the conditional certification aspect of the motion before turning to the issue of notice.

### 2. Arguments of the Parties

Plaintiff maintains that Defendants' delivery drivers: (1) have similar job duties; (2) share common wage rates; (3) incur similar vehicle costs to perform their jobs; and (4) are subject to the same reimbursement policy. (Id. at 4–6, 9.) Plaintiff asserts that she and Frazier were reimbursed as little as $0.31 per mile, lower than the Internal Revenue Service ("IRS") business mileage reimbursement rate (which ranges ranging between $0.56 and $0.575 per mile),[8] during their periods of employment. (Id. at 6–7.) Plaintiff utilizes this range, stating that:

> [u]sing the lowest IRS rate per mile driven ($0.575 per mile) in effect during Plaintiff Stansbury's employment as a reasonable approximation of her automobile expenses, every mile driven on the job decreased her net wages by at least $0.265 ($0.575 – $0.31) per mile. Thus, Defendants consistently "kicked back" to Plaintiff Stansbury approximately $0.265 per mile, placing her hourly wage at a rate far lower than the applicable and local minimum wage…. Plaintiff and Opt-In Plaintiffs confirm that the reimbursements they received were inadequate to reimburse them for the automobile expenses they incurred delivering food for Defendants.

See (id. at 7) (internal citations omitted).[9] Plaintiff relies on Bass v. PJComn Acquisition Corp., No. 09-cv-01614, 2010 WL 3720217, at *2 (D. Colo. Sept. 15, 2010), wherein the district court analyzed a similar factual scenario regarding pizza delivery drivers who had unreimbursed vehicle expenses that caused their net wages to fall below the federal minimum. In Bass, the district court conditionally certified the collective action, finding that:

> [t]he declarations of the two named plaintiffs provide support, in terms of their individual circumstances, for the contention that the defendants' policies, generally applicable to delivery drivers, result in the payment of wages at a rate lower than that required by the FLSA. The allegations in the complaint constitute substantial allegations that the putative claims members were, as a group, the victims of a single decision, policy, or plan resulting in violations of the FLSA.

---

[8] See INTERNAL REVENUE SERVICE ("IRS"), *Standard Mileage Rates*, https://www.irs.gov/tax-professionals/standard-mileage-rates (Mar. 29, 2023).

[9] Frazier also makes this statement in his declaration in support of proceeding as a collective action. (Doc. No. 35-3 at 3.)

See id. at *2.  Plaintiff also cites to twelve (12) additional cases,[10] wherein delivery drivers alleging wage violations due to "de facto" deductions "have been routinely conditionally certified to proceed as a collective action."  (Doc. No. 35 at 9–10.)  Therefore, Plaintiff claims that she fulfills the lenient, modest factual showing standard to establish that all delivery drivers employed by Defendants, current and former, are similarly situated.  (Id. at 8.)  Plaintiff requests that the Court limit the collective class to delivery drivers that have been employed by Defendants in the past three (3) years.  (Id. at 3.)

Defendants argue that Plaintiff has not met her burden, asserting that Plaintiff has not made the modest factual showing necessary to warrant conditional certification.  (Doc. No. 50 at 9–10.)  Defendants argue that: (1) Plaintiff's car lost no value during her employment with Defendants; (2) Plaintiff has no memory or record of actual vehicle expenses; (3) there is no evidence that Plaintiff was paid less than the minimum wage; (4) there is no evidence other drivers were not paid the minimum wage; and (5) Plaintiff has already made attempts to communicate with putative collective members.  (Id. at 13–15.)  Defendants state that paying delivery drivers a mileage reimbursement below the IRS mileage rate is a "reasonable

---

[10]  Plaintiff cites the following cases from a variety of district courts: Frazier v. PJ Iowa, L.C., 337 F. Supp. 3d 848, 865–67 (S.D. Iowa 2018); Benton v. Deli Mgmt., Inc., No. 17-cv-00296, 2017 WL 10574355, at *1–*7 (N.D. Ga. Dec. 18, 2017); Meetz v. Wisconsin Hosp. Grp. LLC, No. 16-cv-01313, 2017 WL 3736776, at *1–*5 (E.D. Wis. Aug. 29, 2017); Redus v. CSPH, Inc., No. 15-cv-02364, 2017 WL 2188777, at*1–*3 (N.D. Tex. May 17, 2017); Sullivan v. PJ United, Inc., No. 13-cv-01275, 2017 WL 11675691, at *1–*3 (N.D. Ala. Mar. 13, 2017); Tegtmeier v. PJ Iowa, L.C., 208 F. Supp. 3d 1012, 1015–22 (S.D. Iowa 2016); Bellaspica v. PJPA, LLC, 3 F. Supp. 3d 257, 260 (E.D. Pa. 2014); Smith v. Pizza Hut, Inc., No. 09-cv-01632, 2012 WL 1414325, at *4–*5 (D. Colo. Apr. 21, 2012); Darrow v. WKRP Mgmt., LLC, No. 09-cv-01613, 2012 WL 638119, at *2–*4 (D. Colo. Feb. 28, 2012); Perrin v. Papa John's Int'l, Inc., No. 09-cv-01335, 2011 WL 4089251, at *2–*5 (E.D. Mo. Sept. 14, 2011); Wass v. NPC Int'l, Inc., No. 09-cv-02254, 2011 WL 1118774, at *3–*7 (D. Kan. Mar. 28, 2011); Luiken v. Domino's Pizza, LLC, No. 09-cv-00516, 2010 WL 2545875, at *1–*4 (D. Minn. June 21, 2010).

approximation" of their expenses.  See (id. at 24) (citing the United States Department of Labor's guidance letter[11] that states that an employer is required to pay employees a "reasonable approximation" of their expenses).  Defendants acknowledge that "[w]hile paying a mileage reimbursement at the IRS rate is per se reasonable, employers can also reimburse employees based on a reasonable approximation of expenses at a rate below the IRS rate."[12]  (Id.)  Additionally, Defendants maintain that they used reimbursement rates provided by MOTUS (a company identified as "regularly engaging in the business of calculating" mileage reimbursement rates) as "reasonable approximation[s]" of employee expenses.  (Doc. Nos. 50 at 25; 50-6 at 5.)  Defendants assert that Plaintiff has not provided an estimate of expenses that were unreimbursed, and that Plaintiff does not account for compensation above the minimum wage she received due to time worked in-store.  (Doc. Nos. 50 at 26–27; 50-3 at 12–13, 37–39, Tr. 35:17–36:25, 141:14–143:1.)  Defendants claim that this failure is evidenced by Frazier's estimate that he earned $25 to $30 an hour with tips.  (Doc. No. 50-4 at 26, Tr. 99:1–15.)  Defendants argue that a collective action is not the proper nexus for the present claims because liability must be assessed on an individualized basis.  See (Doc. No. 50 at 27) (citing Hoffman-La Roche, 493 U.S. at 170).[13]  Therefore, Defendants posit that even under the modest factual

---

[11]  Defendants attached an opinion letter ("FLSA2020-12") to their Memorandum (Doc. No. 50) from the United States Department of Labor, dated August 31, 2020 (Doc. No. 50-6).

[12]  Defendants cite the following cases—wherein courts have held that employers are not required to reimburse drivers at the IRS rate, but can reimburse based on the reasonable approximation standard—in support of their contention: Matias-Rossello v. Epoch LLC, No. 19-cv-01307, 2022 WL 993601, at *9 (D.P.R. Apr. 1, 2022); Blose v. Jarinc, Ltd., No. 18-cv-02184, 2020 WL 5513383, at *3 (D. Colo. Sept. 14, 2020); Kennedy v. Mountainside Pizza, Inc., No. 19-cv-01199, 2020 WL 5076756, at *6 (D. Colo. Aug. 26, 2020); Tyler v. JP Operations, LLC, 342 F. Supp. 3d 837, 848 (S.D. Ind. 2018); Perrin v. Papa John's Int'l, Inc., 114 F. Supp. 3d 707, 712 (E.D. Mo. 2015); Wass v. NPC Int'l, Inc., 688 F. Supp. 2d 1282, 1287 (D. Kan. 2010).

[13]  Defendants argue that Plaintiff cannot show that a collective action claim "can be proven

showing standard, Plaintiff cannot show a common policy or practice that caused a minimum wage violation.  (Id. at 28.)

In her reply brief, Plaintiff argues that Defendants' merit-based and credibility-based arguments are improper at this stage of conditional certification.  (Doc. No. 52 at 2.)  Additionally, Plaintiff notes that the parties previously agreed that any discovery at this stage would be limited to inquiries regarding a finding of "similarly situated" for the purposes of conditional certification.[14]  (Doc. Nos. 19 at 5; 52 at 6.)  Plaintiff states that the merit-based arguments should be reserved for the second stage of certification.  See (Doc. No. 52 at 5) (citing Bellan, 496 F. Supp. 3d at 859) (wherein this Court stated that "it is clearly established that credibility determinations and merits-based arguments are more properly considered at the stage of final certification").  Plaintiff maintains that alleged individual differences amongst Defendants' delivery drivers do not defeat conditional certification and that there is no requirement that collective class members be identical.  See (Doc. No. 52 at 8) (citing Provine v. Ambulatory Health Servs., Inc., No. 13-cv-00334, 2014 WL 47771, at *3 (M.D. Pa. Jan. 6, 2014)).  Plaintiff argues that individual differences are relevant at the second stage of certification—not at the present stage of conditional certification.  (Id. at 9.)  Plaintiff reiterates that the three-year look back period proposed by Plaintiff (Doc. No. 35-1 at 2) is proper under

---

through common evidence."  See (Doc. No. 50 at 27) (citing DiFlavis v. Choice Hotels Int'l, No. 18-cv-03914, 2020 WL 610778, at *14 (E.D. Pa. Feb. 6, 2020); Reed v. Empire Auto Parts, Inc., No. 13-cv-05220, 2015 WL 761894, at *4 (D.N.J. Feb. 23, 2015); Banks v. RadioShack Corp., No. 13-cv-00685, 2014 WL 1724856, at *2 (E.D. Pa. Apr. 25, 2014)).

[14]  The parties' joint case management plan states that "[t]he Parties agree that they will take first-stage discovery (relating to certification of the FLSA collective action) to inform their conditional certification filings."  (Doc. No. 19 at 5.)

the FLSA[15] because determining willfulness concerns the merits of the case and is thus reserved for the second stage of conditional certification.  (Id. at 13–14.)

### 3. Whether Plaintiff's Motion as to Conditional Certification Should Be Granted

As noted supra, a named plaintiff must make "a modest factual showing" to demonstrate a factual nexus between the manner in which the employer's alleged policy affected him or her and the manner in which it affected the proposed collective action members.  See Halle, 842 F.3d at 224 (citing Zavala, 691 F.3d at 536 n.4).  This is not a high burden.  See Zavala, 691 F.3d at 536 n.4.  When proposed collective class members are employed in similar positions, claims that an employer defendant engaged in a pattern of not paying their employees properly is sufficient to allege that plaintiffs are similarly situated with potential opt-in plaintiffs.  See Ornelas v. Hooper Holmes, Inc., No. 12-cv-03106, 2014 WL 7051868, at *8 (D.N.J. Dec. 12, 2014) (finding that "the practice of not paying overtime is sufficient to support the allegation that [the] [p]laintiffs were collectively the victims of a single decision, policy or plan").

Here, Plaintiff and Frazier provide declarations that they both were "subject to Defendants' driver reimbursement policy" and that they understood the policy applied to them "and all of Defendants' other delivery drivers," based on their conversations with other drivers during their employment.  (Doc. Nos. 35-2 ¶¶ 6–7; 35-3 ¶¶ 6–7.)  Defendants' reimbursement policy is demonstrated by the employee handbooks, mileage reimbursement reports, and Plaintiff and Frazier's declarations and depositions.[16]  See (Doc. Nos. 37-3 through 37-8).  This Court has granted conditional certification on similar record evidence.  See Wilson v. Wings Over Happy

---

[15]  The FLSA provides two different statutes of limitation: (1) three years if the violation is willful and (2) two years if it is not willful.  See 29 U.S.C. § 255(a).

[16]  Plaintiff and Frazier's deposition transcripts demonstrate Defendants' payment methods. (Doc. Nos. 50-3 at 16, 30, Tr. 47:4–14, 109:11–19; 50-4 at 6, Tr. 11:3–24.)

14

Valley MDF, LLC, No. 17-cv-00915, 2020 WL 869889, at *7 (M.D. Pa. Feb. 21, 2020) (finding that plaintiff delivery drivers met their burden to demonstrate a factual nexus through sworn depositions, declarations, and other discovery documents); Chung v. Wyndham Vacation Resorts, Inc., No. 14-cv-00490, 2014 WL 4437638, at *2 (M.D. Pa. Sept. 9, 2014) (granting conditional certification based on declarations).  While Defendants note that Plaintiff and Frazier's declarations contain almost identical language, the Court finds that similarity inconsequential because the declarations demonstrate that Plaintiff and Frazier were affected in similar ways by Defendants' alleged policy.  See Harris v. Rebelz Club, No. 22-cv-00111, 2022 WL 2792200, at *5 (M.D. Pa. July 15, 2022) (stating that "[a]lthough the Defendants' characterization of the declarations is accurate—they are, indeed, virtually identical—that is of no consequence"); see also Tompkins v. Farmers Ins. Exch., No. 14-cv-03737, 2015 WL 4931605, at *4 (E.D. Pa. Aug. 18, 2015) (holding that "[a]lthough [d]efendant correctly points out that [p]laintiffs' declarations are 'terse' and 'cookie-cutter' in nature, the declarations, boilerplate-like as they are, are sufficient to show—at this stage—that all seven named [p]laintiffs and their fellow APD Claims Representatives, regardless of the state in which they worked, were affected in similar ways by Defendant's alleged policy or practice").

Further, Plaintiff cites multiple cases, all of which involve FLSA claims by unreimbursed delivery drivers, wherein district courts granted motions for conditional certification on similar record evidence.  See, e.g., Benton, 2017 WL 10574355, at *1,*7 (finding that a lack of reimbursement constituted a "de facto deduction" and granting conditional certification); Bellaspica, 3 F. Supp. 3d at 260 (granting conditional certification based on evidence of inadequate reimbursement for drivers that caused net earnings to drop below the minimum wage); Bass, 2010 WL 3720217, at *2 (granting conditional certification on the basis of the

declarations of two named plaintiffs). Defendants' arguments opposing conditional certification rely on the potential merits of this action. It is clearly established that credibility determinations and merits-based arguments are more properly considered at the stage of final certification. See Bellan, 496 F. Supp. 3d at 859 (holding that it is clearly established that credibility determinations and merits-based arguments are more properly considered at the stage of final certification); Neal, 2015 WL 225432, at *3 (finding that merits-based arguments at this state are "premature"); see also Bishop v. AT&T Corp., 256 F.R.D. 503, 508 (W.D. Pa. 2009) (stating "[a]ny dissimilarities in job functions which would exclude a [collective] class member will be reevaluated at stage two"). Therefore, the Court declines to assess Defendants' arguments on the merits at this stage.

If there is limited or no evidence to support a broader certification, a court may appropriately limit collective certification. See Burkhart-Deal v. Citifinancial, Inc., No. 07-cv-01747, 2010 WL 457127, at *5 (W.D. Pa. Feb. 4, 2010). The Court notes that Plaintiff seeks to certify a collective class of "similarly situated employees, limited to the delivery drivers that have been employed by Defendants during the past three years." (Doc. No. 35 at 3.) Plaintiff worked for Defendants in 2020 and 2021, Frazier worked for Defendants on and off between 2020 and 2022, and Plaintiff has provided the handbooks from 2021 and 2022. (Doc. Nos. 35 at 3; 35-2 ¶ 1; 35-3 ¶ 1; 37-3 through 37-5; 50 at 11, 16; 50-2 ¶ 12; 50-3 at 17–18, Tr. 62:24–63:6.) Defendants object to the application of a three year-statute of limitations because Plaintiff has "introduced no evidence of willfulness."[17] (Doc. No. 50 at 35.) However, this Court has

---

[17] The FLSA has a three-year statute of limitations if a violation is willful. See 29 U.S.C. § 255(a). An employer willfully violates the FLSA when it "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." See McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988). Willfulness does not require a showing of egregiousness. See Stone v. Troy Constr., 935 F.3d 141, 150 (3d Cir. 2019) (finding that

16

determined that willfulness of a FLSA violation is "an issue going to the merits of the case and not whether notice should be issued to potential claimants." See Chung, 2014 WL 4437638, at *4 (citing Gallagher v. Lackawanna County, No. 07-cv-00912, 2008 WL 9375549, at *9 (M.D. Pa. May 30, 2008)).  For the present purpose of conditional certification, the Court finds that Plaintiff's allegations are sufficient to warrant notice based on a three-year statute of limitations and will consider Defendants' arguments regarding willfulness at the final certification stage. See id.

Because the Court has found that Plaintiff has satisfied the "modest factual showing" required for conditional certification, the Court will grant Plaintiff's motion (Doc. No. 35) in part.  The Court's decision to conditionally certify a collective action under the FLSA does not end the inquiry.  The Court now turns to the method and form of notice.

### C. Plaintiff's Motion as to Notice to Potential Collective Class Members

#### 1. Legal Standard

Once a plaintiff makes a "modest factual showing," the Court will then disseminate a court-approved notice to potential collective action members.  See Genesis, 659 U.S. at 75.  The Court has broad discretion to provide a court-facilitated notice to potentially eligible members of the collective action.  See Hoffman-La Roche, 493 U.S. at 170–72.  Such notice ensures that employees receive "accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." See id at 170.  The notice also "serves the legitimate goal of avoiding a multiplicity of duplicative suits and setting cut off dates to expedite the disposition of the action." See id. at 172.

#### 2. Arguments of the Parties

---

egregiousness is not a "prerequisite for finding an FLSA violation to be willful").

Regarding notice to potential opt-in plaintiffs, Plaintiff requests that this Court require Defendants to disclose names, last known addresses, email addresses,[18] and telephone numbers of current and former delivery drivers employed by Defendants within ten (10) days of the entry of an Order from this Court conditionally certifying the collective class, and that this information be provided electronically to Plaintiff. (Doc. Nos. 35 at 12; 35-1; 35-7.) Plaintiff asks that this Court permit the proposed Notice and Consent Forms (Doc. No. 35-1) to be sent by traditional (United States mail) and modern electronic means (email and text message), as well as that the notice be posted at each of Defendants' facilities. (Doc. No. 35 at 12–13.) Plaintiff also seeks a ninety (90) day opt-in period from the date the notice is sent. (Doc. Nos. 35 at 12; 35-1 at 4; 35-7.)

Defendants claim that Plaintiff has already solicited the collective class and needs no further notice because Plaintiff has issued communications through websites, such as Facebook (which is how Frazier became involved in this case),[19] and over the phone to solicit potential plaintiffs. (Doc. Nos. 50 at 31–32; 50-3 at 29–32, Tr. 108:3–111:3.) With only two additional plaintiffs opting in to the case, one of whom has "already abandoned the matter,"[20] Defendants posit that Plaintiff's requested notice is unnecessary. (Doc. No. 50 at 32.) Defendants argue that the proposed ninety (90) day opt-in period is too long and that it should be sixty (60) days. (Id. at 32–33.) Defendants also assert that Plaintiff's proposed modes of distributing notice are

---

[18] In their declarations, Plaintiff and Frazier note that Defendants often utilized text and email to communicate with delivery drivers. (Doc. Nos. 35-2 ¶ 8; 35-3 ¶ 8.) Additionally, Plaintiff and Frazier claim that many of their peers frequently change physical mailing addresses. (Id.)

[19] See (Doc. No. 50-4 at 3–5, Tr. 8:2–10:3).

[20] Defendants note that Hall did not appear for her scheduled deposition and Frazier left in the middle of his deposition. (Doc. Nos. 50-4, 50-5.)

excessive, maintaining that notice should only be made via United States mail, specifically to ensure the integrity of the notice process, and that the temporal scope of Plaintiff's proposed collective (three years) is unnecessary.  (Id. at 33–36.)  Finally, Defendants request that, if the Court grants Plaintiff's motion for conditional certification, the Court direct the parties to meet and confer regarding the form of notice.  (Id. at 36.)

### 3. Whether Plaintiff's Motion as to Notice to Potential Collective Class Members Should Be Granted

Upon consideration of Plaintiff's proposed notice forms (Doc. No. 35-1) and the associated briefing, the Court finds that Plaintiff's request for names, addresses, and email addresses of potential collective class members is limited in scope and purpose.  See Gallagher, 2008 WL 9375549, at *10 (finding the plaintiffs' request for names and addresses to be "limited in scope" for the purpose of mailing notice to prospective plaintiffs).  While the Court must be wary of practices that could "compromise the integrity of the notice process,"[21] this Court has authorized the service of notice via email in FLSA actions.  See Bellan, 496 F. Supp. 3d at 860.[22]  However, the Court will not allow for the disclosure of telephone numbers because notices will be sent via email in addition to first-class United States mail.  See Marcy v. Select Med. Corp., No. 23-cv-00469, 2023 WL 9074622, at *2 (M.D. Pa. Nov. 1, 2023) (denying a plaintiff's request for the provision of telephone numbers, but requiring provision of physical addresses and email addresses); Given v. Love's Travel Stops & Country Stores, Inc., No. 17-cv-01266, 2018

---

[21] See Kuznyetsov v. W. Penn Allegheny Health Sys., Inc., No. 09-cv-00379, 2009 WL 1515175, at *6 (W.D. Pa. June 1, 2009).

[22] See also Belt v. P.F. Chang's China Bistro, No. 18-cv-03831, 2020 WL 3829026, at *9 (E.D. Pa. July 8, 2020) (concluding that "it is appropriate in the modern digital age to distribute notice by mail, email, fand[sic] text, because although people frequently move and change addresses, they typically retain the same email addresses and phone numbers").

WL 925996, at *2 (M.D. Pa. Feb. 16, 2018) (finding that the provision of telephone numbers is unnecessary to accomplish effective notice to potential opt-in plaintiffs); Cambridge v. Sheetz, Inc., No. 17-cv-01649, 2018 WL 10467411, at *3 (M.D. Pa. Feb. 13, 2018) (rejecting the plaintiffs' request for telephone numbers because the Court "fail[ed] to see . . . how such information would be necessary for sending notices by first class mail").

As noted supra, Defendants request the opportunity to meet and confer with Plaintiff regarding the content and form of notice.[23] The Court will grant Defendants' request. With Plaintiff's proposed notice (Doc. No. 35-1) as the foundation for discussions, the Court will direct the parties to meet and confer to finalize the content and form of notice in accordance with this Memorandum. Accordingly, the Court will deny Plaintiff's motion as to Plaintiff's proposed notice (Doc. No. 35-1), pending the parties' resolution of the content and form of notice.

## IV.   CONCLUSION

For all of the foregoing reasons, the Court will grant Plaintiff's motion (Doc. No. 35) in part, insofar as it will conditionally certify the proposed collective class, and will deny the motion in part as to Plaintiff's proposed notice, pending a conference between the parties to discuss the content and form of the notice. The Court will deny Defendants' motion for leave to file a surreply. (Doc. No. 54.) An appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania

---

[23] In her reply brief, Plaintiff states that if the Court finds her proposed notice to be too broad, "Plaintiff is amendable to amending the notice to comply with the Court's directives." (Doc. No. 52 at 15.)

20