IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MELISSA STANSBURY,** | : | |
|     Plaintiff | : | No. 1:22-cv-00342 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| **BARRICK ENTERPRISES, INC.** and | : | |
| **TODD BARRICK,** | : | |
|     Defendants | : | |

**ORDER**[1]

**AND NOW**, on this 9th date of June 2025, upon consideration of the parties' joint motion for preliminary approval of their settlement agreement (Doc. No. 99) and in accordance with the Memorandum issued concurrently with this Order, **IT IS ORDERED THAT**:

1. Plaintiff Melissa Stansbury ("Plaintiff")'s request for leave to file an amended complaint (Doc. No. 100-2) is **GRANTED** and Plaintiff's amended complaint (Doc. No. 100-2 at 5–21) is **DEEMED FILED**;

2. The Clerk of Court is **DIRECTED** to docket Plaintiff's amended complaint (Doc. No. 100-2 at 5–21) as the operative complaint in this matter;

3. The parties' motion for leave to substitute exhibit (Doc. No. 101) is **GRANTED** and Docket Number 101-1 is **SUBSTITUTED FOR** Docket Number 100-1; and

4. The parties' joint motion for preliminary approval of their settlement agreement (Doc. No. 99) is **GRANTED** as follows:

   a. The Court preliminarily approves the Settlement Agreement presented by the parties as fair, reasonable, and adequate to the Class (for the Pennsylvania Minimum Wage Act and the Pennsylvania Wage Payment and Collection Law claims), and as a fair, reasonable, and adequate resolution of a bona fide dispute between the parties (for the Fair Labor Standards Act claim), subject to further consideration at the Final Fairness Hearing described below;

---

[1] To avoid ambiguity, the Court notes that the Order set forth herein is derived from the parties' proposed "Order on Parties' Joint Motion for Preliminary Approval of Settlement Agreement" (Doc. No. 100-3) and the parties' settlement agreement ("Settlement Agreement") (Doc. No. 101-1) filed in connection with the instant motion for preliminary approval of settlement. As to capitalized terms used in this Order, the Court incorporates the definitions provided by the parties in their Settlement Agreement. See (Doc. No. 101-1 at 2–5).

    b.    Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for purposes of settlement only, the Court preliminarily certifies the following Class: Defendants' drivers who received mileage reimbursements from (a) the earlier of 3 years prior to actual opt-in date or December 20, 2021 through (b) the date of Preliminary Approval of Settlement, inclusive. Excluded from the Class are:

        i.    Any Person who timely and validly requests exclusion from the Class, pursuant to the requirements described below and in the Notice to be sent to Class Members pursuant to this Order. The Notice is Docket Number 101-1 at 29–36;

    c.    The Court finds, for purposes of settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the Class is so numerous that joinder of all Class Members is impracticable; (b) there are questions of law and fact common to the Class; (c) Plaintiff's claims are typical of those of the Class; (d) Plaintiff and her counsel have fairly and adequately represented the Class's interests and will continue to do so; (e) questions of law and fact common to Class Members predominate over any questions affecting only individual Class Members; and (f) a class action is superior to other available methods for the fair and efficient administration of the controversy;

    d.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of settlement only, Plaintiff is preliminarily certified as Class Representative and Forester Haynie PLLC and Weihaus & Potasnick is designated as Interim Counsel;

    e.    The Court certifies, for purposes of settlement only, the FLSA collective action because the parties have demonstrated that the Opt-In Plaintiffs are similarly situated;

**Settlement Hearing**

    f.    A hearing ("Final Fairness Hearing") shall be held before this Court on **October 15, 2025 at 10 a.m.** at the United States District Court for the Middle District of Pennsylvania, Sylvia H. Rambo United States Courthouse, Harrisburg, Pennsylvania, in **Courtroom 6A** to resolve: whether the proposed Settlement on the terms and conditions provided for in the motion is fair, reasonable, and adequate to the Class and should be approved; whether the proposed plan of distribution is fair, reasonable, and adequate and should be approved; whether the Class should be finally certified for purposes of settlement only; whether Plaintiff and Interim Counsel should be finally appointed as Class Representative and Class

        Counsel, respectively, for purposes of settlement only; the amount of fees and litigation expenses that should be awarded to Interim Counsel; and such other matters relating to this Settlement as may properly be before the Court;

**Notice and Claims Administration**

g. Pursuant to Federal Rule of Civil Procedure 23(c), CAC Services Group, LLC ("Settlement Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below;

h. Not later than ten (10) calendar days after the Court signs and enters this Order (the "Notice Date"), the Settlement Administrator shall commence mailing the Notice and Claim Form by First-Class Mail to all Class Members who can be identified with reasonable effort, utilizing the Defendants' Final Data List;

i. At the Final Fairness Hearing, Interim Counsel or the Settlement Administrator shall provide the Court a report specifying the due diligence that it has undertaken with regard to the mailing of the Notice and Claim Form; and reporting (to date) on the number of claims, objections, disputes (and status), and exclusions/opt-outs submitted;

j. The form and content of the proposed Notice and the method for notifying the Class of the Settlement and its terms and conditions, described herein in ¶¶ (g)–(i) of this Order:

    i. meet the requirements of the Federal Rules of Civil Procedure (including Rules 23(c)–(e)), the United States Constitution (including the Due Process Clause), and the Rules of this Court;

    ii. constitute the best notice to Class Members practicable under the circumstances;

    iii. are reasonably calculated, under the circumstances, to apprise the Class Members of (1) the proposed Settlement;(2) their right to exclude themselves from the Class; (3) their right to object to any aspect of the proposed Settlement; (4) their right to appear at the Final Fairness Hearing, either on their own or through counsel hired at their own expense, if they did not exclude themselves from the Settlement Class; and (5) the binding effect of the proceedings, rulings, orders, and judgments in this litigation, whether favorable or unfavorable, on all persons not excluded from the Class; and

        iv.    are reasonable and constitute due, adequate, and sufficient notice to all Persons entitled thereto;

    k.    All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Settlement Agreement;

**Proof of Claim and Release**

    l.    Class Members who wish to participate in the Settlement shall complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, the Class Members shall have sixty (60) calendar days after the initial mailing of the Notice and Claim Forms to return their Claim Forms to the Settlement Administrator ("Claims Period Deadline"). Claim Forms may be submitted to the Settlement Administrator via United States mail postmarked on or before the Claims Period Deadline or sent by fax or email on or before the Claims Period Deadline. In the case of mailed Claims Forms, the postmark date will be deemed the date of submission;

    m.    If a Class Member submits a timely Claim Form that is rejected by the Settlement Administrator as deficient in some material respect (for example, the Class Member failed to sign the Claim Form), the Settlement Administrator will notify the Class Member in writing of the basis for the deficiency and give the Class Member a reasonable opportunity to cure the deficiency. Interim Counsel and/or the Settlement Administrator also will provide assistance to the Class Member if requested. Class Members shall have the greater of fifteen (15) calendar days after notification of the deficiency, or until the Claims Period Deadline, to cure the deficiency, to provide any objection to the Settlement or request exclusion from the Settlement.

**Objection**

    n.    Class Members who wish to object to the Settlement must not exclude themselves from the Settlement and must serve on the Administrator, not later than sixty (60) calendar days after the date that the Administrator first mails the Notice and Claim Forms ("Objection Deadline"), a written statement objecting to the Settlement and setting forth the grounds for the objection, as explained further in the Notice. This statement also must indicate whether the Class Member intends to appear and object to the Settlement at the Final Fairness Hearing. The failure to do so will constitute a waiver of the right to appear at the hearing subject to the Court's rulings and procedures. A Settlement Class Member who does not submit an objection in the manner and by the deadline specified above shall be deemed to have waived all objections and will be foreclosed from

4

      making any objection to the Settlement, whether by appeal or otherwise, absent a contrary order of the Court. Attendance at the Final Fairness Hearing is not necessary;

**Request for Exclusion**

    o.    Any Person falling within the definition of the Class may, upon request, be excluded or "opt out" from the Class;

        i.    Class Members who wish to exclude themselves from the Settlement (opt out of the Settlement) must submit to the Administrator, not later than 60 calendar days after the date that the Administrator first mails the Notice Packets ("Opt-Out Deadline"), an Exclusion Letter requesting that he or she be excluded from the Settlement Class. Exclusion Letters may be submitted to the Administrator via U.S. Mail, email, or fax. A Class Member who does not submit a valid and timely Exclusion Letter in the manner and by the deadline specified above shall be bound by all terms and conditions of the Settlement, releases and by the Judgment, regardless of whether he or she submits a Claim Form, i.e. be classified and treated as a Settlement Class Member. A Class Member who timely submits a valid Exclusion Letter shall not participate in, or be bound by, the Settlement or the Judgment in any respect. To be valid, Exclusion Letters must be submitted to the Administrator by the Opt-Out Deadline. Persons who submit an Exclusion Letter shall not be permitted to file objections to the Settlement or appear at the Final Fairness Hearing to voice any objections to the Settlement; and

        ii.    All Class Members who do not submit a timely Exclusion Letter shall be bound by all of the terms of the Settlement, including without limitation, the applicable release set forth in the Settlement, i.e. be classified and treated as a Settlement Class Member;

    p.    To the extent that 5% of more of the Class Members opt out of the Settlement, Defendants have the right, in their sole discretion, to cancel the Settlement Agreement in its entirety and it shall be null and void, with the parties returning to the *status quo ante* and maintaining all rights and arguments existing prior to the Settlement Agreement. The parties will not take any action to encourage individuals to opt out;

**No Admission**

    q.    Defendants deny liability to Plaintiff and Settlement Class for any claim or cause of action. Defendants have denied and continue to deny each of the

claims and contentions alleged by Plaintiff in the Action. Defendants have repeatedly asserted and continue to assert defenses thereto, and have expressly denied and continue to deny any wrongdoing or legal liability arising out of any of the facts or conduct alleged in the Action. Defendants also have denied and continue to deny the allegations that the Class Members have suffered damage or that the Class Members were harmed by the conduct alleged in the Action. By entering into the Settlement Agreement, Defendants in no way admit to the suitability of this Action for class or collective action litigation other than for purposes of settlement;

r. Settlement of the Action and all acts performed or documents executed in furtherance of the Settlement Agreement embodied herein: (a) are not, shall not be deemed to be, and may not be used as an admission or evidence of any wrongdoing or liability on the part of Defendants, or of the truth of any of the factual allegations in the Complaint filed in the Action or for any other purpose; (b) are not, shall not be deemed to be, and may not be used as an admission or evidence of fault or omission on the part of Defendants in any civil, criminal, administrative, or arbitral proceeding; and (c) are not, shall not be deemed to be, and may not be used as an admission or evidence of the appropriateness of these or similar claims for class or collective action treatment other than for purposes of administering the Settlement Agreement. The parties understand and agree that the Settlement Agreement and any exhibit hereto are settlement documents and shall be inadmissible in any proceeding for any reason, except for a proceeding to enforce the terms of the Settlement Agreement;

**Additional Matters**

s. No later than ten (10) days prior to the Final Approval Hearing, Interim Counsel shall prepare and file with the Court, and serve on Defendants' counsel, a list of all persons who have timely objected to the settlement;

t. All briefs, memoranda, petitions and affidavits to be filed in support of final approval of the settlement, for an individual service award to the Class Representative and for an award of attorney's fees and expenses, shall be filed not later than ten (10) days before the Final Fairness Hearing;

u. In the event: (i) the Court does not enter the Order specified herein; (ii) the Court does not finally approve the Settlement as provided herein; (iii) the Court does not enter a Final Judgment as provided herein, which becomes final as a result of the occurrence of the Effective Date; or (iv) the Settlement does not become Final for any other reason, the Settlement Agreement shall be null and void, and any order or judgment entered by the Court in furtherance of Settlement Agreement shall be treated as void from the beginning. In such a case, any certified class shall be decertified,

       the parties shall be returned to their respective statuses as of the date and time immediately prior to the execution of the Settlement Agreement, and the Parties shall proceed in all respects as if the Settlement Agreement had not been executed.  In such case, the Settlement shall not be used or be admissible in any subsequent proceedings, either in this Action, with the Court, or in any other Court or forum.  In the event an appeal is filed from the Court's Final Judgment, or any other appellate review is sought prior to the Effective Date, administration of the Settlement shall be stayed pending final resolution of the appeal or other appellate review; and

v.     The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected to the Settlement Agreement.

                                                  s/ Yvette Kane
                                                  Yvette Kane, District Judge
                                                  United States District Court
                                                  Middle District of Pennsylvania